UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOIS ULIANO,

                                              Plaintiff,                    **COMPLAINT**
                                                                                   **JURY TRIAL DEMANDED**

        -against-

STANNAH STAIRLIFTS INC.,

                                              Defendant.
-------------------------------------------------------------X

## JURISDICTION AND VENUE

1. Federal Question Statute: 42 U.S.C §12101 et. seq. (ADA)(Americans with Disabilities Act).

2. Jurisdictional Statute: 28 U.S.C. §1331 (Federal Question).

3. Supplemental State Law Statute: NY Exec. Law §296.

4. Basis for venue in the Southern District of New York ("SDNY"): (i) 28 U.S.C. §1391(b)(1)- A Defendant resides in the SDNY, and (ii) 28 U.S.C. §1391(b)(2)- A substantial part of the events or omissions giving rise to the claim occurred in the SDNY.

## THE PARTIES

5. Plaintiff LOIS ULIANO ("MS. ULIANO") resides at 87 6th St, Village of Pelham, NY 10803.

6. Defendant STANNAH STAIRLIFTS INC. is located in New York at 45 Knollwood Rd Suite 103, Elmsford, NY 10523, doing business in the State of New York and New York City and with their main office at 20 Liberty Way, Suite A, Franklin, MA, 02038.

## BACKGROUND FACTS

7. Defendant hired Ms. Uliano as in January of 2007 and terminated her in January of 2022.

8. On information and belief, Defendant hires more than 15 employees at its location in Elmsford.

9. Plaintiff's duties included, but were not limited to, answering all incoming calls related to service and installation, recording the details of new installations and services, and inputting said details into the system. In addition, Plaintiff was responsible for scheduling and confirming orders for service and instructing the installation team on their schedules for the day.

1

10. Due to the pandemic in the spring of 2020, Defendant allowed Plaintiff to work mostly from home, reporting to the Elmsford office on an as-needed basis. Plaintiff proved to be extremely capable and effective while working from home, as conveyed by her promotion to installation and service coordinator on 8/3/2020.

11. In mid-2021, the warehouse located in Elmsford suffered severe flooding, and Plaintiff was assigned to work completely from home.

12. On 10/15/21 Richard Seraphine Jr, a field manager for Defendant, informed Plaintiff that by order of Wesley Rockhold, Plaintiff was required to work at the warehouse located in New Jersey. Wesley Rockhold is the managing director of operations for Defendant. In requiring Plaintiff to work at the New Jersey warehouse, Defendant would be forced to drive two hours each way.

13. On or about March 2020, Ms. Uliano developed a mental health disorder, experiencing significant anxiety ("Medical Condition"). Her Medical Condition required her to undergo medical treatment, including but not limited to taking medication and undergoing supervision by a medical care provider.

14. Ms. Uliano's Medical Condition caused her to have frequent panic attacks that incapacitated her, impacted her ability to drive long distances because of the risk she could have a panic attack while driving, it impacted her ability to breath, eat, think, speak, and care for herself at sporadic times.

15. On 10/21/21 Plaintiff expressed to Richard Seraphine Jr. and Julie Bradbury, Defendant's payroll administrator, her concern with their decision to have her drive four hours a day unnecessarily, as she was experiencing severe and unpredictable panic attacks. Plaintiff asked Defendant's to continue to allow her to work entirely from home, and to simply FedEx the documents from New Jersey to her house so she could work on them from home. Mailing the documents to Ms. Uliano was a practice that they had engaged in for over a year during the pandemic.

16. Plaintiff received a response that she would be contacted by Jill Caruso to further discuss Plaintiff's accommodation request. Jill Caruso was a consultant hired by Defendant to review Plaintiff's accommodation requests.

17. Between 10/22/21 and 10/25/2022, Plaintiff's health care provider contacted the Defendant and sent the certification proving Plaintiff's health condition indicating that Ms. Uliano needed at least six months of non-commuting so they could work on treating her anxiety. In addition, the doctor's letter expressed the danger of having Ms. Uliano driving long distances. Moreover, Plaintiff followed up with Defendant to further explain the significant detrimental impact the commute to New Jersey was having on her mental health.

18. In response to Ms. Uliano's accommodation request, Defendant asked Ms. Uliano for an unduly burdensome amount of documents. After Ms. Uliano met one request, the Defendant would ask for more and more documentation. This delay and harassing behavior went on for nearly two and a half months.

19. On January 4, 2022, Defendant denied her accommodation request and failed to engage in any dialog with Ms. Uliano to work through any suitable accommodation. Further, the Defendant did not explain how Ms. Uliano's request posed an undue hardship when she had already been working under the proposed conditions for more than a year and a half.

20. After the denial, Defendant tried to pressure Ms. Uliano to resign her employment, which she resisted.

21. Moreover, after Plaintiff made a request for accommodation, she was treated unfairly by Defendant on multiple occasions. Most notably, she was terminated for requesting accommodation for her anxiety. Further, when Plaintiff could not attend the Defendant's end of year party, she was denied the possibility of taking the day off, even though all other employees were not required to work. Plaintiff was also denied her request for vacation time.

22. Defendant's approach to Plaintiff's health condition was retaliatory. Defendant imposed obstacles to Plaintiff's accommodation request to induce Plaintiff to relinquish her position.

23. Defendant eventually terminated Ms. Uliano's employment on January 28, 2022.

## FIRST CAUSE OF ACTION
(Disability Discrimination-Federal)
(Americans with Disabilities Act)

24. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

25. The provisions of the Americans with Disabilities Act, 42 U.S.C §1201, covered the Defendant and protected the Plaintiff.

26. Defendant is an "employer" as defined under the Americans with Disabilities Act ("ADA").

27. Plaintiff suffers from anxiety which substantially limited her ability to drive a car and to think clearly, particularly when she was experiencing panic attacks.

28. Plaintiff was able to perform the essential functions of her job while at home. Ms. Uliano received a promotion to installation and service coordinator in August of 2020 while working from home.

29. Under §12101, it is unlawful for an employer such as the Defendant to discriminate against an individual based on their disability, such as the disability possessed by Plaintiff.

30. Plaintiff suffered an adverse employment action as the Defendant harassed Ms. Uliano by continually asking for documentation regarding her disability, despite having that information from Ms. Uliano's doctor. Further, Plaintiff was subject to retaliation as she was terminated in response to her request for an accommodation. Moreover, as a result of Plaintiff requesting her accommodation, she was denied her request for vacation, and was not allowed to take the day off during the end of year party, despite all other employees having the ability to do so.

31. In addition, Defendant had a legal duty to engage in an interactive process with Plaintiff and

eventually accommodate Plaintiff, provided the reasonable accommodation request did not pose undue hardship on the Defendant. The Defendant failed to meet this standard by terminating Plaintiff Uliano for requesting accommodation for her anxiety.

32. As such, the Defendant violated 42 U.S.C §12101 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## SECOND CAUSE OF ACTION
(Disability Discrimination-Failure to Accommodate-Federal)
(Americans with Disabilities Act)

33. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

34. Defendant is an "employer" as defined under the Americans with Disabilities Act ("ADA")

35. Plaintiff has anxiety, which is a mental impairment that substantially limits Ms. Uliano's ability to drive and to think clearly, particularly when she is experiencing panic attacks.

36. Defendant had notice of Ms. Uliano's disability as she conveyed to Richard Seraphine Jr. and Julie Bradbury that she was experiencing severe panic attacks and anxiety regarding the issue of driving her motor vehicle for long hours. Plaintiff's primary care physician also contacted the Defendant regarding her disability, and further sent Defendant a certification of Ms. Uliano's anxiety.

37. Defendant failed to grant Plaintiff reasonable accommodation by denying Ms. Uliano her request to continue to work from home in an attempt to quell her anxiety.

38. Plaintiff had previously worked from home and was able to perform the essential functions of the job while working from home. That Plaintiff was promoted to installation and service coordinator while working from home in 2020 supports this fact.

39. Defendant failed to engage in an interactive process with Plaintiff as Ms. Caruso failed to engage in any dialogue with Ms. Uliano regarding her disability.

40. Defendant previously allowed Plaintiff, and other employees to work from home.

41. Defendant failed to accommodate Plaintiff request to work from home.

42. Defendant also failed to accommodate Plaintiff by terminating Ms. Uliano's employment after she requested reasonable accommodation for her anxiety.

43. Accordingly, Defendant failed to reasonably accommodate Plaintiff in violation of the ADA causing Plaintiff economic and non-economic damages.

## THIRD CAUSE OF ACTION
(Disability Discrimination- Retaliation- Federal)
(Americans with Disabilities Act)

44. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

45. The anti-retaliation provisions of the Americans with Disabilities Act cover the Defendant and protect the Plaintiff.

46. Under such provisions, it is unlawful for an employer to retaliate or otherwise discriminate against an employee for exercising their rights under the ADA.

47. Plaintiff engaged in protected activity by requesting an accommodation for her disability.

48. In response to making an accommodation request, the Defendant retaliated against Complaint by terminating Plaintiff's employment, denying her vacation, forcing her to work on a day when all other employees could attend a party.

49. As such, the Defendant violated ADA and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses as allowed under the law.

## FOURTH CAUSE OF ACTION
(DISABILITY DISCRIMINATION- STATE)
(NY Exec. Law 296 et. Seq. "NYSHRL")

50. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

51. The provisions of the NYSHRL covered the Defendant and protected the Plaintiff.

52. Under the NYSHRL, it is unlawful for an employer such as the Defendant to discriminate against an individual based on their disability, such as the disability possessed by Plaintiff.

53. Plaintiff suffered from anxiety, a mental impairment that substantially limited Ms. Uliano's ability to drive, and to think. This condition was exacerbated by her panic attacks.

54. Plaintiff was able to perform the essential functions of the job while she was working from home. Ms. Uliano received a promotion to installation and service coordinator in August of 2020 while working from home.

55. Plaintiff suffered an adverse employment action as the Defendant harassed Ms. Uliano by continually asking for documentation regarding her disability, despite having that information from Ms. Uliano's doctor. Further, Plaintiff was subject to retaliation as she was terminated in response to her request for an accommodation. Moreover, as a result of Plaintiff requesting her accommodation, she was denied her request for vacation, and was not allowed to take the day off during the end of year party, despite all other employees having the ability to do so

56. The NYSHRL further requires that an employer, such as the Defendant, accommodate an employee, like the Plaintiff, to continue performing her job duties.

57. Specifically, the Defendant had a legal duty to accommodate Plaintiff Uliano to ensure that she could continue working. The Defendant failed to meet this standard by terminating the employment of Plaintiff Uliano in response to her accommodation request, a discriminatory act in itself.

58. As such, the Defendant violated the NYSHRL and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

### FIFTH CAUSE OF ACTION
(Disability Discrimination- Failure to Accommodate)
(NY Exec. Law 296 et. Seq. "NYSHRL")

59. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

60. Defendant is an "employer" under the NYSHRL.

61. The provisions of the NYSHRL covered the Defendant and protected the Plaintiff.

62. Plaintiff has anxiety, which is a mental impairment that substantially limits Ms. Uliano's ability to drive and to think clearly, particularly when she is experiencing panic attacks.

63. Defendant had notice of Ms. Uliano's disability as she conveyed to Richard Seraphine Jr. and Julie Bradbury that she was experiencing severe panic attacks and anxiety regarding the issue of driving her motor vehicle for long hours. Plaintiff's primary care physician also contacted the Defendant regarding her disability, and further sent Defendant a certification of Ms. Uliano's anxiety.

64. Plaintiff had previously worked from home and was able to perform the essential functions of the job while working from home. That Plaintiff was promoted to installation and service coordinator while working from home in 2020 supports this fact.

65. Under the NYSHRL, Defendant had a legal duty to engage in an interactive process with Plaintiff and eventually accommodate Plaintiff, provided the reasonable accommodation request did not pose undue hardship on the Defendant.

66. Defendant failed to accommodate Plaintiff by terminating Ms. Uliano for requesting her accommodation. Further, Plaintiff was retaliated against for requesting her accommodation as Defendant denied her request for vacation, and she was not allowed to take the day off during the end of year party, despite all other employees having the ability to do so.

67. Defendant subjected Plaintiff to adverse employment action when they terminated her after she requested accommodation, in violation of the NYSHRL.

68. Accordingly, the Defendant failed to accommodate Plaintiff in violation of the NYSHRL. As such, the Defendant is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## SIXTH CAUSE OF ACTION
(Disability Discrimination- Retaliation-State)
(NY Exec. Law 296 et. Seq.)

69. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

70. The anti-retaliation provisions of the NYSHRL cover the Defendant and protect the Plaintiff.

71. Under such provisions, it is unlawful for an employer to retaliate or otherwise discriminate against an employee for exercising their rights under the NYSHRL.

72. Plaintiff engaged in protected activity by requesting an accommodation for her disability.

73. In response to making an accommodation request, the Defendant retaliated against Plaintiff by terminating Plaintiff's employment, denying her vacation requested, and forcing Plaintiff to work while all other employees were able to attend a party.

74. Accordingly, the Defendant retaliated against Plaintiff in violation of the NYSHRL. As such, the Defendant is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## PRAYER FOR RELIEF

75. WHEREFORE, Plaintiff seeks the following relief:

A. Directing Defendant to pay Plaintiff all economic and non-economic damages afforded to her under the American with Disabilities Act and the NYSHRL:

B. Directing Defendant to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

C. Directing Defendant to pay punitive damages as determined by a trier of fact.

D. Directing Defendant to pay the reasonable attorney fees, costs, and expenses incurred in litigating this, Action.

E. Any and all other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  White Plains, New York
        January 27, 2023

/s/ Jordan El-Hag
By: _____
Jordan El-Hag, Esq.
El-Hag & Associates, P.C.
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
